J-S32014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROCKY WILLIAM ANTILL | : | |
| | : | |
| Appellant | : | No. 545 WDA 2021 |

Appeal from the PCRA Order Entered April 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008977-2016

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED: NOVEMBER 19, 2021**

Rocky William Antill appeals *pro se* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, and granting PCRA counsel's request to withdraw pursuant to the dictates of **Turner**/**Finley**.[1]  After careful review, we vacate and remand.

Antill was charged with one count each of rape of a child (F-1),[2] rape—forcible compulsion (F-1),[3] involuntary deviate sexual intercourse (IDSI)—

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] 18 Pa.C.S. § 3121(c).

[3] **Id.** at (a)(1).

person less than 13 years of age (F-1),[4] IDSI—child (F-1),[5] IDSI—person less than 16 years of age (M-2),[6] aggravated indecent assault of child (F-1),[7] and indecent assault—person less than 16 years of age (M-2).[8]  The charges stemmed from allegations that Antill had sexual intercourse with his minor stepdaughter, A.C., fifteen times.  N.T. Jury Trial, Vol. II, 7/6/17, at 86.  After a jury trial, held on March 8, 2017, the trial court declared a mistrial when the jury could not reach a unanimous verdict.[9]  Antill was re-tried before a jury on July 6, 2017.

At the retrial, A.C. testified that when she reported the incidents to her mother, a fight broke out during which Antill told A.C.'s mother that she was drunk and "teaming up on him" by fabricating the sexual assault story to get him in trouble.  *Id.* at 82.  A.C. also testified that during a community event she told people that the rape did not occur.  *Id.* at 97.  A.C., however, testified

---

[4] *Id.* at § 3126(a)(7).

[5] *Id.* at § 3123(b).

[6] *Id.* at (a)(7).

[7] *Id.* at § 3125(b).

[8] *Id.* at § 3126(a)(8).

[9] Antill was originally charged with the above-mentioned crimes, in addition to aggravated indecent assault without consent, 18 Pa.C.S. § 3125(a)(1), corruption of minors, *id.* at § 6301(a)(1)(ii), recklessly endangering another person (REAP), *id.* at § 2705, criminal solicitation, *id.* at § 902(a), and unlawful contact with minor, *id.* at § 6318(a)(1).  The jury found Antill not guilty of REAP, but was unable to reach a unanimous verdict on the remaining counts.

that she truthfully reported the sexual assault and denied that anyone had instructed her to fabricate the report. *Id.* at 98, 100, 119.

Defense witness, Dylan Ellison, testified that he was friends with A.C. and attended a community festival in 2016, where A.C. was also in attendance. *Id.*, 7/7/17, at 133. Ellison testified that, at the festival, A.C. told him that her mother had forced her to falsely report the rape allegations to the police so that Antill would get arrested and A.C.'s mother could sell Antill's expensive sports items. *Id.* at 133-34.

On July 10, 2017, the jury found Antill guilty on all counts.[10] On December 11, 2017, the trial judge sentenced Antill to an aggregate sentence of 200-450 months' incarceration, followed by a 10-year probationary tail. Antill filed timely post-sentence motions, challenging the weight of the evidence, which the court denied on January 3, 2018. Antill filed a direct appeal challenging the court's rulings during *voir dire* and its evidentiary rulings as well as the discretionary aspects of his sentence. On July 9, 2019, our Court affirmed Antill's judgment of sentence. *Commonwealth v. Antill*, 194 WDA 2018 (Pa. Super. filed July 9, 2018) (unpublished memorandum decision). Antill filed an unsuccessful petition for allowance of appeal with the Pennsylvania Supreme Court. *See id.*, 269 WAL 2019 (Pa. filed Aug. 8, 2019); *Id.* 194 WDA 2018 (Pa. filed Feb. 12, 2020).

_____

[10] On retrial, the Commonwealth withdrew the crimes of unlawful contact with a minor, aggravated indecent assault without consent, endangering the welfare of children, corruption of minors, REAP, and criminal solicitation—involuntary deviate sexual intercourse with a child.

Antill filed the instant, timely *pro se* PCRA petition on January 10, 2021. Antill's petition included the following grounds for relief: newly-discovered exculpatory evidence; a **Brady**[11] violation; and ineffective assistance of counsel.[12] **See** *Pro Se* PCRA Petition, 1/10/21, at 4-21. The court appointed PCRA counsel, Robert Carey, Esquire, who entered his appearance on February 19, 2021. On March 16, 2021, Attorney Carey filed a "no-merit" letter seeking to withdraw pursuant to **Turner**/**Finley** and declaring that "trial counsel was effective and [Antill] does not have a valid after[-]discovered evidence claim." **Turner**/**Finley** "No-Merit" Letter, 3/16/21, at 1. On March 17, 2021, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Antill's petition. Antill filed a *pro se* response to the Rule 907 notice on March 29, 2021. On April 7, 2021, the court dismissed Antill's *pro se* petition without a hearing and granted counsel's motion to withdraw. Antill filed a timely *pro se* notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Antill presents the following issues for our consideration:

> (1) Whether the PCRA court erred in granting PCRA counsel's motion to withdraw where PCRA counsel's

---

[11] **Brady v. Maryland**, 373 U.S. 83 (1963).

[12] Antill raised two specific claims of trial counsel's ineffectiveness: (1) counsel failed to retain an expert witness to refute the Commonwealth's expert medical witness, Karen Morris, M.D.; and (2) counsel failed to present relevant evidence "known and available to him at the time of trial" that supported the victim's financial motive to fabricate allegations against him and that corroborated witness Ellison's testimony. **See** *Pro Se* PCRA Petition, 1/10/21, at 12-21.

no-merit letter was deficient under the standards of []***Turner*** and [] ***Finley***.

(2) Whether the PCRA court erred in dismissing [Antill's] claim of ineffective assistance, relating to trial counsel's neglect of impeachment evidence, where [Antill] established merit, unreasonableness, and prejudice.

(3) Whether PCRA counsel was constitutionally ineffective for failing to file an amended petition raising the ineffectiveness of trial counsel, relating to trial counsel's neglect of impeachment evidence.

(4) Whether the PCRA court erred in dismissing [Antill's] claim under ***Brady***[,] where the prosecution failed to disclose extrajudicial statements by a prosecution witness that the witness had fabricated the allegations against [Antill].

(5) Whether the PCRA court erred in dismissing [Antill's] PCRA petition without a hearing where the PCRA petition presented claims raising genuine issues of material fact.

Appellant's Brief, at 4.

On appeal from the dismissal of a PCRA petition, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. ***Commonwealth v. Blackwell***, 647 A.2d 915 (Pa. Super. 1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. ***Id.*** Finally, "a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted).

In his first issue on appeal, Antill claims that the PCRA court improperly granted PCRA counsel's motion to withdraw where counsel's **Turner**/**Finley** no-merit letter was deficient. Specifically, Antill claims that PCRA counsel failed to include, in his no-merit letter, Antill's ineffectiveness claim regarding "trial counsel's failure to present evidence in possession of the defense that would have corroborated the testimony of defense witness Dylan Ellison." *Pro Se* Rule 907 Response, 4/7/21, at 1-2; **see also** Appellant's Brief, at 40.[13]

Pennsylvania Rule of Criminal Procedure 904 sets forth a PCRA petitioner's right to assistance of counsel for his or her first PCRA petition; once counsel is appointed, counsel must either amend the petitioner's *pro se* petition or seek to withdraw from representation by complying with the mandates of **Turner**/**Finley**. **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa. Super. 2017). "If appointed counsel fails to take either of these

---

[13] In his brief, Antill argues that there was no objectively reasonable basis for PCRA counsel not to include his ineffectiveness claim in the no-merit letter and that actual prejudice resulted from PCRA counsel's error. **See** Appellant's Brief, at 42. In his petition, Antill alleged that trial counsel "failed to elicit or present . . . evidence that [A.C.'s mother] and maternal aunt [] did, within mere days of [Antill's] arrest, make unauthorized withdrawals from [Antill's] bank account, depleting the account of an estimated seven-thousand five hundred dollars ($7,500.00), and effectuated [an] unauthorized sale of [Antill's] collection of sports memorabilia, valued in excess of five-thousand dollars ($5,000.00)." *Pro Se* PCRA Petition, 1/10/21, at 17-18. Antill claims that this evidence would have provided "overt [proof] of a financial motive to contrive and perpetuate false claims against" him, "implicates the credibility of these witnesses[,]" and "corroborate[s] the testimony of defense witness[,] D[ylan] E[llison.]" **Id.**

steps, our courts have not hesitated to find that the petition was effectively uncounseled." *Id.* at 1083.

In *Commonwealth v. Freeland*, 106 A.3d 768 (Pa. Super. 2014), our Court reiterated that:

> The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and **list each issue the petitioner wishes to have examined, explaining why those issues are meritless**. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v.*] *Pitts*, [] 981 A.2d 875, 876 ([Pa.] 2009)[.]
>
> In *Commonwealth v. Friend*, [] 896 A.2d 607 ([Pa. Super.] 2006)[,] *abrogated in part by Pitts*, *supra*, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend*[,] as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts*, *supra* at 881 (Castille, C.J. concurring).
>
> After the decision in *Pitts*, this Court held in *Commonwealth v. Widgins*, [] 29 A.3d 816 ([Pa. Super.] 2011), that the additional procedural requirements of *Friend* were still applicable during collateral review.

> ***Commonwealth v. Rykard***, [] 55 A.3d 1177, 1184 ([Pa. Super.] 2012)[.]

***Id.*** at 774-75 (emphasis added).

The Commonwealth acknowledges that one of the requirements to withdraw from representing a PCRA petitioner is listing, in a no-merit letter, each issue the petitioner wished to have reviewed. Appellee's Brief, at 10. Case law has been clear that this is a prerequisite to a trial court permitting PCRA counsel withdrawal. Recognizing that PCRA counsel failed to list one of Antill's PCRA claims in his no-merit letter, and the fact that the court permitted counsel to withdraw despite this omission, the Commonwealth "defers to this Court to determine whether the PCRA court correctly allowed counsel to withdraw." Appellee's Brief, at 10.

After careful consideration, we decline to overlook counsel's omission in light of established case law on the proper collateral withdrawal procedure and the precept that PCRA counsel seeking to withdraw "must review the case zealously." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). ***See Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019) ("Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition."). ***See also Commonwealth v. Karanicolas***, 836 A.2d 940, 945-47 (Pa. Super. 2003);

*Commonwealth v. Glover*, 738 A.2d 460, 464-65 (Pa. Super. 1999);

*Commonwealth v. Mosteller*, 633 A.2d 615 (Pa. Super. 1993).[14]

Accordingly, because counsel's no-merit letter fails to comply with the Supreme Court's mandate in *Turner*, as explained by this Court in *Finley*, we must vacate the PCRA court's order dismissing Antill's PCRA petition and granting counsel's petition to withdraw. *See Kelsey*, *supra* at 1140 (where counsel's no-merit letter fails to discuss all issues raised by petitioner in first

_____

[14] We are also mindful of our Supreme Court's recent decision, *Commonwealth v. Bradley*, 2021 Pa. LEXIS 3819 (Pa. filed Oct. 20, 2021), that recognized the need to enact a "more appropriate mechanism for the enforcement of effective assistance of counsel in proceedings under the [PCRA]." *Id.* at *1. In *Bradley*, the Court adopted a new procedure whereby PCRA petitioners could raise claims of PCRA counsel's ineffectiveness in a collateral appeal, after a PCRA court has denied relief and the petitioner either has obtained new counsel or is acting *pro se*. *Id.* In reaching its holding, the Court "scrutinized" the procedure behind Rule 907, noting that the rule is silent on ineffective assistance of PCRA counsel or claim preservation and the burden that is placed on a *pro se* petitioner if he or she is required to timely respond under Rule 907 with such claims. *Id.* at *43, *46.

Instantly, the Commonwealth states that on April 7, 2021, Antill filed a second *pro se* response to the court's Rule 907 notice. *See* Appellee's Brief, at 3. Notably, this is the same day that the court's order dismissing Antill's PCRA petition and granting PCRA counsel's petition to withdraw was filed. However, Antill's second Rule 907 response is not included in the certified record on appeal. In addition, we do not know when Antill received notice of the court's intent to dismiss his petition—thus, we cannot establish when the 20-day Rule 907 clock started ticking. *See* Pa.R.Crim.P. 907(1) ("The defendant may respond to the proposed dismissal within 20 days of the date of the notice."). Moreover, even if twenty days had passed by the time Antill filed his second response, under *Bradley*, Antill is not precluded from raising any PCRA ineffectiveness claims in his current collateral appeal. *See Commonwealth v. Vo*, 235 A.3d 365, 372 (Pa. Super. 2020) (Rule 907 response is opportunity for petitioner to object to dismissal and alert PCRA court of perceived error, permitting court to discern potential for amendment to petition).

PCRA petition and explain why they lack merit, dismissal of petition without requiring counsel file amended PCRA petition or adequate no-merit letter is deprivation of right to counsel on petition). The trial court is directed to have counsel fully comply with the dictates of **Turner**/**Finley**, including listing in his no-merit letter each issue Antill raised in his *pro se* PCRA petition,[15] with a detailed explanation of why each issue is meritless, if he seeks withdrawal upon remand.[16]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.[17]

---

[15] We also direct the court, upon remand, to address whether Antill filed a timely, second *pro se* Rule 907 notice, and, if so, instruct counsel to be mindful of any issues raised in that response that should be addressed in his no-merit letter and, thereafter, in any forthcoming Rule 1925(a) opinion by the trial court.

[16] As our Court recognized in **Kelsey**, *supra*, even though the PCRA court conducted an independent review of the claims it believed were asserted in Antill's *pro se* petition, the error here is not the sufficiency of the PCRA court's Rule 1925(a) opinion or whether the claims in Antill's petition are meritorious. 206 A.3d at 1140. Rather, the error stems from the denial of assistance of counsel. **Id.** ("Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made.") (citations omitted).

[17] Because we have determined that vacation and remand is necessary based on Antill's first issue on appeal, we need not reach his remaining issues. **Kelsey**, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/19/2021